**Richard Ernest ANAYA, Plaintiff–Appellant,**

v.

**Rosanne CAMPBELL, Warden; et al., Defendants–Appellees.**

No. 11–17688.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2013.*

Filed Jan. 16, 2013.

Richard Ernest Anaya, Soledad, CA, pro se.

Michael James Quinn, Deputy Attorney General, Office of the California Attorney General, San Francisco, CA, Michelle Angus, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, Geoffrey Alan Beaty, Esquire, Rankin, Sproat, Mires, Beaty & Reynolds, Oakland, CA, for Defendants–Appellees.

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

MEMORANDUM ***

California state prisoner Richard Ernest Anaya appeals pro se from the district

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Anaya's deliberate indifference claims because Anaya failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his chronic knee injuries and rectal prolapse. *See id.* at 1060–61 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that the defendants' chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health).

The district court properly granted summary judgment on Anaya's Americans with Disabilities Act claim because Anaya did not raise a triable dispute as to whether he was discriminated against by reason of a disability. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (listing elements of claim under Title II of the ADA); *see also Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir.2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*,

587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**